**SIEGEL TRADING CO., INC., Plaintiff,**

v.

**Jakab UNGAR, Defendant.**

**No. 75 Civ. 357.**

United States District Court,
S. D. New York.

Nov. 19, 1976.

Dennis G. Katz, P.C., Spring Valley, N. Y., for plaintiff.

Ross, Suchoff, Taroff & Jason, New York City, for defendant.

LASKER, District Judge.

Defendant, formerly employed by plaintiff as a sales representative in its commodities brokerage business, has moved for summary judgment on the ground that plaintiff's claim is on a "special promise to answer for the debt . . . of another" which must be, and in this case is not, evidenced by a signed memorandum under the New York Statute of Frauds, General Obligations Law § 5–701. Plaintiff argues that it was and is industry practice to hold salesmen accountable to the extent of their commissions for deficits in their customers' accounts, that defendant agreed to this condition when he accepted employment with them, that by a letter dated October 16, 1974 defendant agreed in a signed writing to his liability for at least $9,000. of the $19,000. they claim he owes them for customer deficits,[1] and that the Statute of Frauds is therefore either satisfied or inapplicable.

■ Although plaintiff's arguments are largely without merit, summary judgment must be denied. Under New York law, the promise of an agent or factor to guarantee sales made under a *del credere* commission is not within the Statute of Frauds and is valid without being in writing. *Sherwood v. Stone*, 14 N.Y. 267 (1856); *Wolff v. Koppel*, 2 Denio's Rep. 368 (1845). Professor Calamari has stated that the rule (that the promise of a *del credere* agent to guarantee sales or purchases made on behalf of his employer is not within the Statute of Frauds) is so "well known and universally accepted" as to require no elaboration. Ca-

lamari, *The Suretyship Statute of Frauds*, 27 Ford L.Rev. 332, 350 (1958).

■ It is uncontested that the defendant was compensated in commission form and it is alleged that one of the conditions of his employment was an agreement to make good deficits in his customers' accounts. Since neither party mentioned this New York doctrine, neither has addressed itself to whether, under these circumstances, defendant should be considered an agent *del credere*.[2] The need for further elaboration of this point alone would justify denying summary judgment.

■ Even in the absence of this "universally accepted" rule concerning the promise of an agent "*del credere*," summary judgment on these facts would be inappropriate, due to the possible application of the "main purpose" or "leading object" rule. See Calamari, *supra*, at 343; 2 Corbin on Contracts § 366 *et seq.* (1950). As Corbin explains, paraphrasing the holdings of *Davis v. Patrick*, 141 U.S. 479, 487–88, 12 S.Ct. 58, 35 L.Ed. 826 (1891) and *Emerson v. Slater*, 63 U.S. (22 How.) 28, 43, 16 L.Ed. 360 (1859):

"When the leading object of the promise or agreement is to become guarantor or surety to the promisee for a debt for which a third party is and continues to be primarily liable, the agreement, whether made before or after or at the time with the promise of the principal, is within the statute, and not binding unless evidenced by writing. On the other hand, *when the leading object of the promisor is to subserve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another, his promise is not within the statute.*" (Corbin, *supra*, § 366, emphasis added).

---

1. Numbers are approximate.

2. For instance, it is generally accepted that an "agent del credere" agrees to guarantee the third parties' payments in order to receive a "larger commission." Black's Law Dictionary; Webster's Third New International Dictionary at 596 (1963). How this bears on the instant facts is unclear. Moreover, there is no indication whether plaintiff claims that the agree-

ment was to make good the accounts *automatically* if they were overdue a certain amount of time or only if the customer had been unsuccessfully proceeded against. Without discussion of applicable law, or possibly relevant facts, by the parties, the court does not attempt to decide any more than is necessary to dispose of the summary judgment motion.

Professor Williston has expressed the same idea in somewhat different form: where the promise to answer for another's debt is merely part of a larger contract between the promisee and promisor, it should be considered as merely incidental to this larger promise and hence not within the statute of frauds. 2 *Williston on Contracts* § 484 (rev.ed.1936), cited in *Calamari, supra*, at 350, n. 129.

Taking the facts in the light most favorable to plaintiff, as must be done on this summary judgment motion, it appears that defendant could be considered to have contracted with the plaintiff to be liable for the deficits of his customers' accounts to the extent of his commissions, for the purpose of securing a favorable employment contract for himself. This view is supported by the fact that at the time plaintiff claims defendant agreed to this condition of employment, the third parties for whose debts defendant promised to answer were indefinite and unknown, and their obligations not yet incurred. *Calamari, supra*, at 343.

*Savoy Record Company, Inc. v. Cardinal Export Corp.*, 15 N.Y.2d 1, 254 N.Y.S.2d 521, 203 N.E.2d 206 (1964), relied on by the defendants, is inapposite. There, an American agent of a foreign corporation signed a contract with plaintiff "as agent" for the foreign corporation. The contract purported to bind the agent personally, for the consideration of $1., to guarantee the royalties which the foreign corporation agreed to pay the plaintiff. In a suit against the agent for past due royalties, the Court of Appeals (split 4–3) reversed the Appellate Division and dismissed the action against the agent on the ground that the statute of frauds requirement pertaining to special promises to answer for the debt of another had not been fulfilled by the writing, since the subscription specified that the agent was signing only "as agent."

Although the defendant agent in *Savoy* had received consideration for his promise to answer for the debts of its principal, that consideration was a mere $1. It is agreed that consideration alone does not fulfill the requirements of the "leading object" or "main purpose" rule, *Corbin on Contracts, supra*, at § 367, and that the primary motivation or purpose of the agent in agreeing to answer must be to benefit himself personally, and not merely to benefit his principal, in order to escape the requirements of the Statute of Frauds. In the instant case, there is a substantial basis at this stage for concluding that personal benefits may have flowed to the defendant in exchange for his agreement to answer for the debts of his customers, and there is no evidence to suggest that the agreement was primarily for the benefit of the customers.

The motion for summary judgment is therefore denied.

It is so ordered.