CONTICOMMODITY SERVICES, INC., Respondent, v ROBERT F. HALTMIER, Appellant.

Second Department, May 14, 1979

APPEARANCES OF COUNSEL

*Santemma, Costigan & Murphy, P. C. (George B. Costigan, Jr.,* of counsel), for appellant.

*Chadbourne, Parke, Whiteside & Wolfe (Daniel J. O'Neill, Thomas A. Dubbs* and *Lisa Kennedy* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Plaintiff seeks to foreclose a mortgage and to recover money damages. Defendant appeals from (1) a judgment which (a) granted foreclosure and (b) awarded plaintiff the sum of $61,747.76 as damages, and (2) a subsequent order of the same court which denied his motion for a new trial.

The judgment should be modified so as to reduce the amount awarded therein as damages to reflect the sums, if any, actually collected from defendant's customers but not yet reflected in the judgment, and the matter remanded to Trial Term to determine, after a hearing if one is necessary, the amount of money presently due the plaintiff. The order should be affirmed.

Plaintiff, a commodities brokerage firm, engaged the defendant as one of its account representatives. As part of their oral agreement, it was understood that defendant would be charged with any deficit balances in his customers' accounts which, in turn, would be deducted from any commissions due him. His compensation consisted entirely of commissions earned by him in generating commodity trading. He was also permitted to trade on his own account, thus earning commissions on his own transactions.

During this business relationship of more than three years defendant, faced with a growing deficit position (customer and self-generated), executed a mortgage in the sum of $45,000 on property which he owned in favor of the plaintiff. Of that amount, $5,000 was later repaid. Plaintiff eventually terminated the defendant's services and this litigation followed.

Defendant's arguments on appeal are not persuasive. He agreed, when hired, to assume the role of guarantor of any customer deficits (a common practice in this volatile field), and thus became an original promisor for whose personal benefit (i.e., employment) the promise was made (see *White v Rintoul,* 108 NY 222, 227; *Siegel Trading Co. v Ungar,* 422 F Supp 1064; Calamari, The Suretyship Statute of Frauds, 27 Fordham L Rev 332). The Statute of Frauds is therefore inapplica-

ble and an oral promise suffices.* Moreover, defendant's duties as an account representative with the plaintiff involved the exercise of independent judgment in determining for himself which customers to solicit and the extent to which he should advise them and accept their orders to "buy" and "sell". As such, he acted in an administrative or executive capacity, so that his terms of employment cannot be considered in violation of section 193 of the Labor Law (see exception in Labor Law, § 190, subd 6).

During the trial, counsel for the plaintiff stipulated that the total deficit from defendant's customers should be reduced by the sum of $7,000, that sum representing moneys received from one of defendant's customers in repayment of his deficit. Somewhat similarly, defendant's motion for a new trial was based upon "newly discovered evidence" that stipulations of settlement between plaintiff and two of defendant's other customers warranted a further reduction in the deficit total. This motion was properly denied (see CPLR 5015, subd [a], par 2). However, as plaintiff concedes in its brief, the defendant must be credited with any future payments received from any of his "customers for deficits in their accounts [recovered] by way of suit or otherwise." Accordingly, the action should be remitted to Trial Term for a computation of the amount presently due and owing to plaintiff and for a corresponding reduction in the amount of the judgment. Plaintiff shall keep defendant apprised of any such payments received *in futuro* and accord him a corresponding credit. In order to insure that the foregoing is accomplished with a minimum of difficulty and delay, we are directing that the court retain jurisdiction for the purpose of enforcing the entry of partial or complete satisfactions of judgment as justice and the facts of the case may require (see 5 Weinstein-Korn-Miller, NY Civ Prac, par 5020.03; cf. *Walker Discount Corp. v Valley Banquet Hall,* 35 Misc 2d 697).

RABIN, J. P., GULOTTA, SHAPIRO and MANGANO, JJ., concur.

Judgment of the Supreme Court, Suffolk County, entered August 28, 1978, modified, on the law, the facts and as a matter of discretion, by adding thereto a provision that the amount awarded plaintiff as damages should be reduced by

---

* In the alternative, appellant might conceivably be viewed as an agent *del credere,* whose promise is also without the Statute of Frauds (see *Sherwood v Stone,* 14 NY 267; 2 Corbin, Contracts, § 389).

the sums, if any, actually collected from defendant's customers but not yet reflected in the judgment. As so modified, judgment affirmed, without costs or disbursements, and action remitted to Trial Term for further proceediings consistent with the opinion herein. The court shall retain jurisdiction for the purpose of enforcing the execution and filing of partial or complete satisfactions of judgment (see CPLR 5020, 5021).

Order of the same court, entered November 20, 1978, affirmed, without costs or disbursements.