*385 OPINION OF THE COURT
James H. Boomer, J.
Plaintiff, employed in an executive capacity by the defendant corporation, sues for wages he claims are owed to him by the defendant corporation and he now moves for summary judgment. Defendant opposes the motion claiming it has certain valid counterclaims for moneys due the corporation from the defendant.
The principal question to be determined is whether section 193 of article 6 of the Labor Law, which proscribes deductions from wages, applies to persons employed in an executive capacity. I hold that it does.
Section 193 of the Labor Law provides in part: “1. No employer shall make any deduction from the wages of an employee, except deductions which:
“a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; or
“b. are expressly authorized in writing by the employee and are for the benefit of the employee”.
“Employee” is defined in subdivision 2 of section 190 of the Labor Law as “any person employed for hire by an employer in any employment.”
“Wages” means the earnings of an employee for labor or services rendered, regardless of whether the amount is determined on a time, piece, commission or other basis. There is no definition for an executive employee.
Article 6 of the Labor Law entitled “Payment of Wages” extends certain benefits to various catagories of employees. By section 191 a “Manual worker” must be paid weekly and within seven days after end of week in which the wages are paid; a “Railroad worker”, “Commission salesman”, and “Clerical and other worker” as these terms are defined in section 190 must be paid in accordance with the period and within the time specified in section 191.
Section 192 of the Labor Law, entitled “Cash payment of wages” specifically states that it does “not apply to any person employed in a bona fide executive, administrative, or *386 professional capacity whose earnings are in excess of three hundred dollars a week, nor to employees working on a farm not connected with a factory.”
Section 193 entitled “Deductions for wages” applies to an “employee” and there are no exceptions in that section referring to the type of employee.
Section 194 entitled “Differential in rate off pay because of sex prohibited” applies to an “employee” and the section expressly does not apply to certain employees such as “persons engaged in domestic service in the home of the employer, or to labor on a farm” or to employees of certain nonprofit corporations.
It is clear from a reading of these sections that executive or administrative employees are not entitled to the benefits of section 191 governing the frequency and time of payment of wages, and they are not entitled to cash payment of wages unless they earn $300 a week or less (§ 192), but they are protected from discrimination in pay by reason of sex (§ 194) and from unauthorized deductions from their wages (§ 193).
I decline to follow the case of Conticommodity Serv. v Haltmier (67 AD2d 480) since I believe it does not follow the clear definition of “employee” set forth in article 6 of the Labor Law.
Since the defendant is proscribed by section 193 of the Labor Law from making any deduction from the wages of the plaintiff, he may not do so indirectly by withholding a portion of the plaintiff’s pay to satisfy any obligation that may be due the defendant on the counterclaim.
Here it is conceded that the defendant’s salary was $55,000 for the year 1979 and that he earned $56,480.84 and he was only paid the sum of $43,480.84. The defendant is entitled to partial summary judgment on the first cause of action in the amount of $13,000.
The defendant states by affidavit that there was no agreement to give the plaintiff a bonus and in fact no bonus was awarded to the plaintiff. Summary judgment is denied plaintiff on that part of the first cause of action that includes the sum of $15,000 for a bonus.
*387 There are insufficient evidentiary facts submitted in plaintiff’s affidavits to prove amounts of salary owed to the plaintiff for the year 1980, if any, and, therefore, summary judgment on the second cause of action is denied.
The plaintiff does not submit sufficient evidentiary proof on this motion to support his cause of action for vacation time. There is no showing that there was a contractual obligation to pay for accrued vacation time. Summary judgment on the third cause of action is, therefore, denied.
Summary judgment on the fourth cause of action is denied. The question whether the withholding of wages was willful is one of fact (Labor Law, § 198, subd 1-a).
Summary judgment on the fifth cause of action is denied. The amount of attorney’s fees to be awarded is a question of fact (Labor Law, § 198, subd 1-a).
The motion of the defendant to strike the fourth and fifth causes of action is denied.