■ In the Matter of the Arbitration between MARTIN ROSENBLUM, Appellant, and AETNA CASUALTY AND SURETY COMPANY, Respondent. — Appeal from an order of the Supreme Court at Special Term, entered July 22, 1980 in Albany County, which denied petitioner's motion to modify an arbitration award and granted respondent's cross motion to confirm the award. Petitioner, an attorney, was discharged from the employment of respondent on January 28, 1974, at which time the parties disagreed as to the amount of money due petitioner from respondent on the basis of *quantum meruit* for services rendered by petitioner. Accordingly, the parties agreed to arbitrate the matter, and ultimately the arbitrators fixed petitioner's award at $67,450, without interest. Petitioner subsequently requested that the arbitrators reconsider their finding with respect to interest, but no change was made in the award. Under these circumstances, petitioner moved at Special Term, pursuant to CPLR 7511, to modify the arbitrators' award to include interest, and respondent cross-moved to confirm the award. By order entered July 22, 1980 the court granted respondent's cross motion and confirmed the award, and this appeal ensued. We hold that the order of Special Term should be affirmed. In so ruling, we find it significant that petitioner twice submitted the question of whether or not the award should include interest to the arbitrators, once in a posthearing memorandum and again following the rendering of the arbitrators' decision, in a letter wherein the arbitrators were specifically requested to "reconsider the determination to exclude interest upon the amount found to be due". Such being the case, petitioner's present contention that the arbitrators exceeded their power in ruling on the interest question is plainly lacking in substance. Moreover, it is likewise well settled that the inclusion of interest in recoveries in actions of an equitable nature is left to the sound discretion of the court (see CPLR 5001, subd [a]) and that arbitrators are empowered to fashion awards to achieve just results and "may shape * * * remedies with a flexibility at least as unrestrained as that employed by a chancellor in equity" *(Matter of Board of Educ. v Hess,* 49 NY2d 145, 152). That being so, the determination to deny a recovery of interest by petitioner was properly made by the arbitrators, and the arbitration award should not be disturbed. Order affirmed, with costs. Sweeney, J.P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.