■ JOHN H. OWEN, Appellant, v ITT EDUCATIONAL SERVICES, INC., Respondent.—Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Smyk, J.), entered December 12, 1984 in Otsego County, which granted defendant's motion for summary judgment dismissing the complaint.

This litigation concerns counsel fees claimed by plaintiff, a lawyer, from defendant due to plaintiff's legal representation of an Oneonta Job Corps member. The Job Corps service is a program operated and managed by the United States Department of Labor to aid low-income youths through educational and vocational training. Defendant is a corporation which operated the Oneonta Job Corps facility pursuant to a contract with the Department. Four Oneonta Job Corps members were arrested on charges of rape and sodomy on February 16, 1981. An employee of defendant, Lyle Sage, contacted attorney Charles Bosco to represent the four. Bosco conferred with Sage at a meeting on February 17, 1981, at which time Bosco

discussed retaining plaintiff to represent one of the Job Corps members. Bosco said that Sage advised him at the time that the maximum fee limitation of $1,000 per client for a felony charge set according to the Department's regulations would be waived.

Plaintiff first was retained to represent Job Corps member Craig Poole. Poole's case was dismissed early and Bosco and Sage then met and agreed to have plaintiff represent Job Corps member Rick Bryant, who was also one of those arrested. Bosco told plaintiff that the $1,000 fee limit would be waived. However, there was never any correspondence confirming an agreement to waive the fee limit. Plaintiff secured an acquittal and submitted a bill for $4,567.50 representing 153 in-court hours and 75 out-of-court hours for his services in representing Bryant. Plaintiff, however, received a check from the Department in the sum of only $1,000 in payment. He cashed the check as payment on account.

Subsequently, plaintiff sued defendant for the balance of his fee. Defendant moved for summary judgment on the ground that it had no legal responsibility to pay plaintiff for services rendered on behalf of a Job Corps member and that plaintiff, at best, had based his claim upon an unenforceable oral agreement. Special Term granted summary judgment dismissing the complaint on the grounds that (1) there was no triable issue of fact as to whether defendant acted on its own rather than as an agent of the Department, and (2) the Statute of Frauds dictates that an oral promise to pay for legal services on behalf of another is unenforceable unless some consideration has been given which constitutes a direct benefit to the promisor. This appeal by plaintiff followed.

Since there are triable issues of fact raised which require a trial, Special Term's order should be reversed and the motion for summary judgment denied. Special Term erred in finding the agreement unenforceable on the ground that it was an oral agreement to pay a third party's debt. Viewing the facts in the light most favorable to plaintiff, as must be done in reviewing this motion for summary judgment, it appears that defendant, through Sage, could be found to have obligated itself to pay the counsel fees pursuant to Federal regulations governing the programs. The regulations in effect at the time in question required the Job Corps to obtain and pay for legal services for its members (29 CFR former 97a.92 [a]-[c]) and provided that each Job Corps member was required to contribute up to $50 (29 CFR former 97a.92 [h]). By obtaining legal representation for Job Corps members, Sage, who was defen-

dant's employee, was fulfilling a duty required by the regulations. The object of Sage's action in doing so appears to have been to serve an interest of his own. Under such circumstances, enforcement of his oral promise was not barred by the Statute of Frauds *(see, Four Winds Hosp. v Keasbey,* 92 AD2d 478, *mod on other grounds* 59 NY2d 943; *see also, Siegel Trading Co. v Ungar,* 422 F Supp 1064; 2 Corbin, Contracts § 366, at 273-274).

Plaintiff relies on the argument that, even if the retainer agreement is a promise to pay a third-party's debt, his part performance would remove the agreement from the restrictions of the Statute of Frauds. This argument, however, is misplaced for the theory is only correct to a point. That doctrine is applicable only if: "plaintiff's actions can be characterized as 'unequivocally referable' to the agreement alleged. It is not sufficient * * * that the oral agreement gives significance to plaintiff's actions. Rather, the actions alone must be 'unintelligible or at least extraordinary', or explainable only with reference to the oral agreement" *(Anostario v Vincinanzo,* 59 NY2d 662, 664). Plaintiff's conduct, up until the time he traveled to the Department offices in New York City with Bosco to discuss the potential waiver of the $1,000 fee limitation, may be said to be "unequivocally referable" to the oral agreement with Sage, and to that extent came within the exception. After that point, however, plaintiff's continued representation was certainly not "unequivocally referable" to any oral agreement with defendant. The doctrine of part performance is, therefore, not of assistance to plaintiff.

Special Term also erroneously held that there were no triable issues of fact as to whether defendant agreed to pay counsel fees to plaintiff and whether Sage was acting as an agent of defendant rather than as an agent of the Department. Plaintiff presented evidence that Sage, in sworn testimony at an examination before trial, said that he was an agent of defendant and not an agent of the Department. Additionally, Federal regulations indicate that Sage, as "Center Standards Officer", was an employee of defendant, the operating corporation. These regulations provided:

" 'Center Director.' The center's chief administrative officer or his or her designee.

" 'Center standards officer (CSO).' The individual designated by the Center Director to enforce standards of conduct" (29 CFR former 97a.10).

Thus, if this evidence is believed, the trier of fact could conclude that Sage bound defendant and not the Department.

Special Term's ruling that plaintiff failed to prove that Sage was other than an exclusive agent erroneously cast the burden of the motion on plaintiff. Plaintiff need only show that there was sufficient proof that Sage acted as if he were an agent of defendant so as to raise a triable issue of fact. Questions concerning the roles of defendant, Sage and the Department are shown to exist and should be developed at trial. A court's function on a motion for summary judgment is issue finding, not issue determination (see, Wiener v Ga-Ro Die Cutting, 104 AD2d 331, 333, affd 65 NY2d 732). In light of the factual and credibility questions raised, it was error to dismiss the complaint.

Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Main, Mikoll and Yesawich, Jr., JJ., concur.