OPINION OF THE COURT
Herman Cahn, J.
Is an attorney who is employed as "general counsel”, and "assistant to the president”, of a corporation entitled to the protections of article 6 of the Labor Law? Said article, entitled "Payment of Wages”, among other things, mandates the peri *383 odie payment of wages, and it awards wages to an employee who prevails in a wage claim (Labor Law § 198 [1-a]). The issue is raised on this motion.
This motion by defendants to dismiss, pursuant to CPLR 3211 (a) (7), those portions of the first, second and third causes of action of the amended verified complaint in which plaintiff seeks recovery of attorneys’ fees pursuant to Labor Law § 198 (1-a) and dismissing the sixth cause of action in which plaintiff seeks recovery of liquidated damages pursuant to said section, based upon defendants’ willful failure to pay wages, is denied.
Plaintiff, an attorney, alleges that he was hired by defendant Codata Corporation (Codata) on December 23, 1976, as the assistant of defendant Dorfman, the president of Codata, and that he continued to work for Codata until March 21, 1980. His initial salary was $30,000 yearly, but in September 1977 the defendants granted him an increase to $45,000, annually, effective January 1978, and later raised his salary to $70,000 yearly.
In the first, second and third causes of action, plaintiff seeks unpaid compensation based upon breach of contract, and counsel fees pursuant to Labor Law § 198 (1-a).
The sixth cause of action is for liquidated damages of 25% of the salary due as authorized by section 198 (1-a) where the failure to pay an employee was willful.
Defendants argue that plaintiff, an attorney, was a white collar worker, or executive, and that as such he was not included within the definition of "employee” as that term is used in section 198 (1-a) of the Labor Law. That section provides: "1-a. In any action instituted upon a wage claim by an employee * * * in which the employee prevails, the court shall allow such employee reasonable attorney’s fees and, upon a finding that the employer’s failure to pay the wage required by this article was willful, an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.”
Section 190 of the Labor Law states in part as follows:
"As used in this article:
"1. 'Wages’ means the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis.
"2. 'Employee’ means any person employed for hire by an employer in any employment.”
Labor Law § 2, previously enacted, provides:
*384 "Whenever used in this chapter * * *
"5. 'Employee’ means a mechanic, workingman or laborer working for another for hire.”
Plaintiff asserts that he performed services as general counsel for defendant corporation and acted from time to time as the director of various of its departments.
The defendants argue that the more restrictive definition of "employee” contained in section 2 of the Labor Law is applicable, and that said definition bars plaintiff’s claims under section 198 (1-a) of the Labor Law, relating to attorneys’ fees, etc. Plaintiff argues that the later definition found in article 6 of the Labor Law (Labor Law § 190 [2]), which includes "any person employed for hire in any employment” applies here. (Emphasis added.) Said article, which is entitled "Payment of Wages”, deals with numerous aspects of wages, including frequency of payments (§ 191), cash payment (§ 192), deduction from wages (§ 193), costs, remedies (§ 198), " 'Kick-backs’ ” (§ 198-b), among others.
The authorities cited by the parties did not deal directly with "attorneys” as.employees under the Labor Law. It appears from affidavits submitted herein that the plaintiff had dual executive and supervisory functions, as well as responsibility giving rise to the relationship of attorney-client.
In Matter of Dean Witter Reynolds v Ross (75 AD2d 373), an article 78 proceeding, the court found that there was a rational basis for so much of the administrative determination appealed from as found that an account executive of a stock brokerage firm was an employee entitled to protection of article 6 of the Labor Law.
In Conticommodity Servs. v Haltmier (67 AD2d 480), an account representative of a commodities brokerage firm acted in an administrative or executive capacity involving the exercise of independent judgment. The broker had specifically agreed as a condition of employment to be personally liable for losses in customers’ accounts. Thus, charging him with deficit balances in his customers’ accounts was held not to be a violation of the Labor Law.
The Labor Law and the Workers’ Compensation Law are required to be liberally construed to accomplish the beneficent purposes for which they were enacted (McKinney’s Cons Laws of NY, Book 1, Statutes § 302).
A pleading upon a motion to dismiss for insufficiency, as here, is required to be liberally construed (CPLR 3026). It is *385 deemed to be true, and the pleader is given the benefit of every fair intentment. Where the motion has not been converted to one for summary judgment (CPLR 3211 [c]), the affidavits submitted by the parties may be examined for a limited purpose only (Rovello v Orofino Realty Co., 40 NY2d 633).
It is clear that the definitions contained in article 6 control that article, and not the more restrictive definitions contained in section 2 of the Labor Law. By its own terms, section 190 mandates that its definitions are to be used in "this” article, i.e., article 6.
The duties undertaken by plaintiff are also irrelevant.* Those cases, cited herein, which discuss coverage in terms of duties, executive or supervisory responsibilities, etc., are not controlling, because they concern a "commission salesman.” The definition of that term in section 190 (6) of the Labor Law specifically excludes an employee who is a manager or supervisor. There is no claim that plaintiff was a commission salesman.
The test for coverage is whether claimant was employed for hire by an employer. Under this broad test, the amended complaint clearly alleges sufficient to warrant coverage under article 6.
The motion is therefore denied.

 The definition of employee specifically states "in any employment” (emphasis added).