OPINION OF THE COURT
Wallace Van C. Auser, J.
The matter before the court deals with the perplexing issue of whether the terms wages and salary are synonymous. A nonjury trial was held by the court at which time testimony was taken, arguments were heard and judgment was granted to the plaintiff in the amount of $25,000, which represented the amount of severance pay due under the written contract of employment.
*846 Following the court’s decision, plaintiff moved under section 198 (1-a) of the Labor Law for the court to award reasonable attorneys’ fees and an additional amount as liquidated damages equal to 25% of the verdict amount. It is this issue which is now before the court.
The plaintiff herein, James K. Williams, was hired by the defendant radio station, WAQX, in early 1987 as their station manager. The parties entered into a written employment contract which provided that he would be paid $50,000 per year. It also provided that severance pay in the amount of 3 months would be paid if the plaintiff’s employment was terminated within the first 6 months and in the amount of 6 months’ pay if the plaintiff’s employment was terminated thereafter. There was testimony adduced at trial as to the responsibilities of the position plaintiff held. He did all of the hiring and firing of employees, as well as all other employee supervision. He was to stimulate growth of the listening market and attempt to increase the ratings. In a word, he was the "manager”. He was in charge of the station in a managerial capacity.
There was no dispute at trial as to the fact that in January of 1988, the plaintiff was demoted to the position of general sales manager, but continued at the same salary and with the same terms of employment, including the provision concerning severance pay. On March 14, 1988, plaintiff’s employment was terminated but he was told the defendant would honor the severance pay provision of the contract. Thereafter, defendant reneged on the severance pay issue and it was that refusal to pay which resulted in the underlying litigation.
This court found that the plaintiff did indeed have a written contract of employment with the defendant under the terms of which he was to receive severance pay in a specified amount should the employment be terminated. The employment was terminated and the court awarded severance pay to the plaintiff in the amount of $25,000.
The plaintiff now contends that since he, as the employee, was successful in his claim he is entitled to an award of reasonable attorneys’ fees and liquidated damages.
The interpretation of section 198 (1-a) of the Labor Law is the crucial element here. The section reads as follows: "In any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee reasonable attorney’s fees and, upon a *847 finding that the employer’s failure to pay the wage required by this article was willful, an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.”
If the plaintiff were to prevail here, he would be entitled to the original judgment amount of $25,000, $6,250 in liquidated damages, and reasonable attorneys’ fees. If the plaintiff does not prevail, he walks away only with his judgment amount of $25,000.
The plaintiff’s claim under section 198 (1-a) can be sustained only if his salary, under the terms of his written contract, falls within the definition of "wages” as found in the Labor Law. Section 190 (1) of the Labor Law defines wages as follows: " 'Wages’ means the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis.”
There is no dispute over the fact that plaintiff was an employee as that term is generally defined. It is with the term "wages” that there is a difference of opinion and some ambiguity found in the reported decisions of the courts. Succinctly stated, our question is whether or not the severance pay due the plaintiff falls within the definition of wagés as found in the Labor Law.
The courts have repeatedly held that the severance pay of a "wage earner” falls within the definition of wages. (Saunders v Big Bros., 115 Misc 2d 845; Gerlach v Horn & Hardart Co., 683 F Supp 342.) Even assuming that severance pay is considered as wages we are left with the nagging question of whether what the plaintiff earned per pay period was in fact wages or was it salary? Was the plaintiff a "wage earner”? To make this determination we must look at the nature of his employment. He was hired as the station manager and even after his demotion he was the general sales manager of the station. His duties, as mentioned above, were all managerial in nature and included hiring, firing and supervision, sales of commercial time, stimulating revenue growth and improvement of ratings. It is obvious that plaintiff held a very responsible position for which he received an appropriate salary.
As noted above in the Gerlach case (supra), the Southern District of New York Federal Court held that severance pay was in fact wages. The decision in that case, however, makes an assumption that the salary paid to the CEO was wages. *848 The actual issue of whether the salary paid was in fact wages was never actually raised by the parties or the court itself. The doctrine of stare decisis does not bind this court since the issue before us was not actually raised in the Gerlach case. A binding precedent is not created by a court’s decision unless the subject matter is clearly and squarely dealt with and the principal established is well defined. (People v Garthaffner, 103 Misc 2d 671.) The decision in Gerlach was a Federal decision and as such is not binding authority upon this court since no Federal question was presented there. (Marsich v Eastman Kodak Co., 244 App Div 295.) The construction of State statutes is left primarily as a matter for the State courts to decide and decisions by Federal courts on such State statutes are not binding. (People ex rel. Weber & Heilbroner v Graves, 249 App Div 49.)
The Gerlach case also cited Matter of Horn & Hardart Co. v Ross (58 AD2d 518, supra) which held only that a "retiree” is an employee but did not deal with the manner or method of payment. Thus it seems clear that the Federal court in Gerlach (supra) made an unwarranted assumption which the court is not bound to follow.
The rules of construction also come into play in this matter. Section 302 of McKinney’s Consolidated Laws of NY, Book 1, Statutes indicates that "the Labor Law is to be liberally construed to accomplish the beneficent purpose for which it was framed.” This advisory was followed by the New York County Supreme Court in the matter of Klepner v Codata Corp. (139 Misc 2d 382). However, this court is not bound by the decision of the New York County Supreme Court. Courts of coequal authority are not bound to follow one another. (People v Kearns, 168 Misc 264.) This court adheres to the philosophy that the cited rule of construction requires that while parts of the Labor Law should be liberally construed, particularly as to such matters as worker safety, all other rules of construction indicate that punitive or penal statutes, such as Labor Law § 198, must be strictly construed, and certainly a rule of construction cannot be used to expand the plain language of a statute.
When article 6 of the Labor Law, the title of which is Payment of Wages, was enacted in 1966, the Court of Appeals had already .distinguished between wages and salary. Wages is to be considered to be compensation for manual labor, a "menial job” or subordinate occupation which is subject to immediate supervision. Salary, on the other hand, denotes *849 compensation of a higher degree of employment which implies an office or position, or a fixed compensation for more important services. (Matter of Stryker, 158 NY 526 [1899].) Thus, some 67 years later the Legislature could easily have remedied the problem and defined wages to include salary. However, it did not do so, but rather created the definition of wages as found in section 190 of the Labor Law.
There is a further provision which clarifies the Legislature’s intention as to salary in general and the instant case in particular. Section 191 sets forth the frequency of payments in which every employer is bound to pay wages. Specifically listed are the following: manual worker, railroad worker, commission salesman and then finally, the catchall category in section 191 (1) (d), “clerical and other worker”. If the plaintiff in the instant case is not within the definition of “clerical and other worker”, then it would be evident that the Legislature did not protect him in his position under the “Payment of Wages” article of the Labor Law. To determine that issue, we need to go back to section, 190, wherein subdivision (7) contains the following definition: ” ’Clerical and other worker’ includes all employees not included in subdivisions four, five and six of this section, except any person employed in a bona fide executive, administrative or professional capacity whose earnings are in excess of four hundred dollars a week.” Subdivisions (4), (5) and (6) refer to manual workers, railroad workers and commission salesmen. Clearly plaintiff does not fall within this definition.
Finally, it should be noted that at no time since 1966 has section 190 or 191 been amended to expand the definition of “clerical and other worker” to include executives such as the plaintiff in the instant case. This court assumes that the Legislature was aware of the Stryker distinction between wages and salary and was further aware of the judicial struggles over the matter of “salary”. It would have been simply too easy for the Legislature to have done away with this distinction if it had intended to.
It is therefore this court’s determination that the plaintiff in his executive capacity received his remuneration as salary and not as wages and that he is therefore not covered under article 6 of the Labor Law. Plaintiff is thus not entitled to the attorneys’ fees or liquidated damages referred to in Labor Law § 198 (1-a).
*850 It is therefore determined by the court that the issue of willfulness on the part of the defendant in not paying the severance pay need not be reached.
The plaintiffs motion is in all respects denied.
Submit judgment on the verdict accordingly.