■ MICHAEL K. MAGNESS, Respondent, v HUMAN RESOURCE SERVICES, INC., Appellant.—Order, Supreme Court, New York County (Walter Schackman, J.), entered September 26, 1989, which, *inter alia,* denied defendant's motion to dismiss the second cause of action and granted plaintiff's cross motion for summary judgment, unanimously modified, on the law, to the extent of striking that portion of plaintiff's claim for liquidated damages pursuant to Labor Law § 198 (1-a) which is based upon plaintiff's "supplemental income", and remanding the matter for a recalculation of liquidated damages, and otherwise affirmed, with costs.

Plaintiff originally commenced this action in 1986 to recover damages claimed for breach of employment contract. The parties eventually stipulated to a settlement before the court. Upon defendant's failure to comply with the settlement agreement, plaintiff served, with the court's permission, a supplemental complaint adding a claim for breach of the settlement agreement. Defendant moved to dismiss the second cause of action in which plaintiff sought remedies pursuant to Labor Law § 198 (1-a), and plaintiff cross-moved for summary judgment seeking enforcement of the settlement agreement, liquidated damages under the Labor Law, and related relief. In denying defendant's motion and granting plaintiff's cross motion, the IAS court determined that plaintiff was an "em-

ployee" pursuant to Labor Law § 190 (2), and awarded him $79,000 (the amount defendant was required to pay plaintiff pursuant to the settlement agreement) as well as liquidated damages and attorney's fees pursuant to Labor Law § 198 (1-a).

Defendant contends that, under the election of remedies doctrine, plaintiff is not entitled to liquidated damages or attorney's fees, since he opted to pursue the settlement agreement and not the action for breach of the employment contract. *(See, e.g., Plant City Steel Corp. v National Mach. Exch.,* 23 NY2d 472.) However, the election of remedies doctrine does not apply here, since the recovery of liquidated damages and attorney's fees was not based on defendant's breach of the employment contract, but stemmed from the breach of the settlement agreement.

Section 198 (1-a) of the Labor Law provides: "In any action instituted *upon a wage claim by* an employee * * * in which the employee prevails, the court shall allow such employee reasonable attorney's fees and, upon a finding that the employer's failure to pay the wage was willful, an additional amount as liquidated damages equal to twenty-five percent of the total amount of wages found to be due." (Emphasis supplied.)

Since the action for breach of the settlement agreement was based on a "wage claim", and since plaintiff prevailed, he was entitled to recover attorney's fees. Moreover, as the evidence establishes that defendant's breach of the settlement agreement was willful, the failure to pay plaintiff his "wages" must be deemed to have been willful, and plaintiff was therefore entitled to recover liquidated damages.

We note, however, that plaintiff's claim for "wages" pursuant to the settlement agreement includes "supplemental income" as provided in his employment contract. Under the contract, however, "supplemental income" is clearly incentive compensation and not "wages" pursuant to Labor Law § 190 (1). *(See, Matter of Dean Witter Reynolds v Ross,* 75 AD2d 373.) Accordingly, that portion of plaintiff's relief pursuant to Labor Law § 198 (1-a) which includes "supplemental income" is stricken, and the matter is remanded for a recalculation of liquidated damages pursuant to section 198 (1-a) of the Labor Law. Concur—Ross, J. P., Milonas, Kassal, Wallach and Rubin, JJ.