**In the Matter of the Arbitration between William P. NICOLETTI, Petitioner,**

v.

**E.F. HUTTON & COMPANY, INC., and Shearson, Lehman, Hutton, Inc., Respondents.**

**No. 91 Civ. 1580 (LLS).**

United States District Court, S.D. New York.

April 16, 1991.

Paul T. Shoemaker, Liddle, O'Conner, Finkelstein & Robinson, New York City, for petitioner.

Jonathan R. Morris, Office of General Counsel, Shearson, Lehman, Hutton, Inc., New York City, for respondents.

## OPINION AND ORDER

STANTON, District Judge.

Petitioner, William P. Nicoletti, moves to modify an arbitration award, dated December 7, 1990 and rendered in his favor in the amount of $200,000.

## BACKGROUND

Mr. Nicoletti was employed by respondent E.F. Hutton from 1969 until 1988 when his employment was terminated by respondent Shearson after it acquired E.F. Hutton. At the time of his termination, Mr. Nicoletti was a high ranking executive in E.F. Hutton's corporate finance department.

On August 29, 1989 Mr. Nicoletti commenced an arbitration proceeding before the National Association of Securities Dealers seeking to recover (1) unpaid 1987 bonus compensation of $1,036,000, (2) liqui-dated damages of 25% of the unpaid bonus pursuant to N.Y. Labor Law § 198(1–a), (3) attorney's fees pursuant to N.Y. Labor Law § 198(1–a), (4) pre-award interest, and (5) the cost of the arbitration. The arbitrators awarded him a lump sum of $200,000. They did not award liquidated damages, attorney's fees, prejudgment interest, or costs.

Petitioner Nicoletti now moves to modify the award on the ground that the arbitrators acted in manifest disregard of the law. Respondents cross-move to confirm the award.

Petitioner's motion is denied; respondent's motion is granted. The award is confirmed.

## DISCUSSION

### 1. *Manifest Disregard of the Law*

"Manifest disregard of the law" is a judicially-created ground for vacating an arbitration award, not explicitly listed under 9 U.S.C. § 10 of the Federal Arbitration Act.

Although the bounds of this ground have never been defined, it clearly means more than error or misunderstanding with respect to the law. The error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover, the term "disregard" implies that the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it. To adopt a less strict standard of judicial review would be to undermine our well established deference to arbitration as a favored method of settling disputes when agreed to by the parties. Judicial inquiry under the "manifest disregard" standard is therefore extremely limited. The governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable. We are not at liberty to set aside an arbitration panel's award because of an arguable difference regarding the meaning or applicability of laws urged upon it.

*Merrill Lynch, Pierce, Fenner & Smith v. Bobker*, 808 F.2d 930, 933–34 (2d Cir.1986) (citations omitted). Furthermore, generally arbitrators are not required to explain their awards. *E.g., Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1214 (2d Cir. 1972). The burden on petitioner is therefore heavy.

### 2. *Liquidated Damages and Attorney's Fees*

■ Petitioner asserts that the arbitrators disregarded N.Y. Labor Law § 198(1–a) which states:

> In any action instituted upon a wage claim by an employee ... in which the employee prevails, the court shall allow such employee reasonable attorney's fees and, upon a finding that the employer's failure to pay the wage required ... was willful, an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.

Petitioner is obliged to demonstrate that the interpretation of § 198(1–a) is "well defined, explicit, and clearly applicable." *Bobker*, 808 F.2d at 934. Respondents argue that § 198(1–a) does not apply because Mr. Nicoletti was a high ranking executive rather than an "employee," and because the bonus he demanded was not "wages."

The New York State Court of Appeals has not decided either question: whether a high level executive is an employee, or whether bonus payments are wages under N.Y. Labor Law § 190 or § 198(1–a).[1] The lower New York State courts have reached conflicting conclusions. *See e.g., Magness v. Human Resource Serv's.*, 161 A.D.2d 418, 555 N.Y.S.2d 347, 349 (1st Dep't.1990) (incentive compensation is not "wages" under § 190, and is not protected by § 198(1–a)); *Dean Witter Reynolds v. Ross*, 75 A.D.2d 373, 429 N.Y.S.2d 653, 658 (1st Dep't.1980) (commission salesman is an "employee," but incentive compensation

based on productivity and quality of performance is not "wages"); *Williams v. AGK Communications*, 143 Misc.2d 845, 542 N.Y.S.2d 122, 124–25 (1989) (high ranking executive is an "employee," but he receives his remuneration as salary, not as "wages," and he is therefore not protected by § 198(1–a)); *MacMillan, Inc. v. Kaplan*, No. 16864/87 (Sup.Ct. N.Y. Co. Jan. 25, 1989) (Executive Vice President, as high-ranking executive, is not an "employee" and is not protected by § 198(1–a)); *Klepner v. Codata Corp.*, 139 Misc.2d 382, 527 N.Y.S.2d 158, 160 (1988), *aff'd*, 150 A.D.2d 994, 542 N.Y.S.2d 1004 (1st Dep't.1989) (table) (attorney employed as general counsel and assistant to president is an "employee" protected by § 198(1–a)); *Maggione v. Bero Constr. Corp.*, 106 Misc.2d 384, 431 N.Y. S.2d 943, 944 (1980) (executive is an "employee"); *See also, Falk v. FFF Indus.*, 731 F.Supp. 134, 142–43 (S.D.N.Y.1990) (high level executive is an "employee" protected by § 198(1–a)); *Giuntoli v. Garvin Guybutler Corp.*, 726 F.Supp. 494, 509 (S.D.N.Y.1989) (bonus payments already due and vested are "wages" under § 190); *Gerlach v. Horn & Hardart Co.*, 683 F.Supp. 342, 346 (S.D.N.Y.1988) (President and Chief Operating Officer is an "employee" protected by § 198(1–a)).

Thus the law cannot be said to be well-defined or explicit. Accordingly, under *Bobker*, 808 F.2d at 933–34, the arbitrators cannot be held to have acted in manifest disregard of N.Y. Labor Law § 198(1–a).

### 3. *Prejudgment Interest*

■ Mr. Nicoletti also argues that the arbitrators disregarded N.Y.Civ.Prac.L. & R. 5001 in refusing to award him prejudgment interest. Section 5001(a) provides:

> Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, ... except that in an action of an equitable nature, interest

---

1. New York Labor Law § 190 defines "Employee" as "any person employed for hire by an employer in any employment." It defines "Wages" as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis. The term 'wages' also includes benefits or wage supplements as defined in section one hundred ninety-eight-c ..." Under § 198-c, "'benefits or wage supplements' includes, but is not limited to, reimbursement for expenses; health, welfare and retirement benefits; and vacation, separation or holiday pay."

and the rate and date from which it shall be computed shall be in the court's discretion.

Petitioner has not cited any case where an arbitration award was vacated for failure to award prejudgment interest. Although petitioner's claim sounded in contract, the arbitrators may have concluded that Mr. Nicoletti's entitlement was equitable rather than contractual, and that therefore interest was discretionary. *Cf. Rosenblum v. Aetna Casualty & Surety Co.*, 81 A.D.2d 731, 439 N.Y.S.2d 482, 483 (3d Dep't.1981) (refusing to modify arbitrator's award in favor of discharged employee which did not include prejudgment interest: "arbitrators are empowered to fashion awards to achieve just results and 'may shape ... remedies with a flexibility at least as unrestrained as that employed by a chancellor in equity.'" (citations omitted)).

Once again, it cannot be said that the arbitrators acted in manifest disregard of N.Y.Civ.Prac.L. & R. 5001.

4. *Respondent's Cross–Motion*

Respondent's cross-motion to confirm the award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, is granted. *See Ottley v. Schwartzberg*, 819 F.2d 373, 375 (2d Cir. 1987) ("the district court must grant a petition to confirm an arbitration award if it properly is brought within one year of the date of the award, unless one of the statutory bases for vacating or modifying the award is established.")

## CONCLUSION

The arbitrator's award of December 7, 1990 is confirmed. The clerk of the court is directed to dismiss the petition.