OPINION OF THE COURT
Herbert Shapiro, J.
In this action seeking the recovery of brokerage commissions and related damages the defendant, Kenneth D. Laub & Company, Inc. (Laub Inc.), moves for an order setting aside the jury’s verdict and for judgment in favor of the defendant or, in the alternative, for an order setting aside the verdict and directing a new trial. Plaintiff cross-moves to conform the pleadings to the proof with respect to the International Paper *891 transaction so as to increase the percentage amount of the commission to which he claims to be entitled.
The plaintiff, Seymour Gottlieb (Gottlieb), a real estate salesman, sued his former employer, Laub Inc., a real estate brokerage corporation, alleging that he had earned commissions on three transactions which commissions Laub Inc. had refused to pay. Additionally, Gottlieb sought counsel fees and liquidated damages of 25% of the commissions due relying upon section 198 of the Labor Law. The commissions allegedly due Gottlieb arose out of three transactions, i.e., the Health Insurance Plan of New York transaction (HIP), the New York Shipping transaction (NYS) and the International Paper transaction (IP).
After a lengthy trial the jury rendered a verdict awarding Gottlieb 50% of the agreed amount of the total HIP commission received by Laub Inc., 40% of the agreed amount of the NYS commission received by Laub Inc. and 30% of the total amount of the IP commission received by Laub Inc., which total IP commission the jury fixed at $2,000,000. In addition, the jury found that the failure to pay such commissions was "willful”, which finding Gottlieb claims subjects Laub Inc. to the liquidated damage provision of Labor Law § 198.
The underlying document which gave rise to the relationship between Gottlieb and Laub Inc. was a contract between them which provides, with respect to the compensation to be paid, as follows: "Laub agrees to pay you contingent compensation equal to a percentage of the commissions, fees and/or charges actually received by Laub on account of those transactions, if any, conducted and negotiated by you. That percentage shall be Fifty Percent (50%) in the case of transactions exclusively initiated, negotiated and concluded by you. That percentage shall be smaller, as determined by Laub in its reasonable discretion, in the case of all other transactions in which you are involved; provided, however, that Laub’s determination shall reasonably reflect your contribution to the transaction.”
In addition, the agreement provided that Gottlieb was to be bound by "Rules and Procedures” annexed to the agreement. Those "Rules and Procedures”, inter alia, provided that: "Laub shall have the sole right to determine the personnel to conduct specific transactions, including or excluding Employee [Gottlieb], whether or not initiated by or initially involving Employee [Gottlieb].”
*892 [After addressing defendant’s arguments to set aside various aspects of the jury award, which discussion has been omitted for purposes of publication, the court addressed the viability of plaintiffs Labor Law § 198 (1-a) claim.]
The plaintiff has also asserted a cause of action based upon Labor Law § 198 (1-a). That section provides in pertinent part as follows: "In any action instituted upon a wage claim by an employee * * * in which the employee prevails, the court shall allow such employee reasonable attorney’s fees and, upon a finding that the employer’s failure to pay the wage * * * was willful, an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.”
If this statute is applicable to this case then the plaintiff is entitled to reasonable attorney’s fees plus — based upon the jury’s finding of willfulness — 25% of the amount due plaintiff for commissions.
Does this section have application to the circumstances of this case? The plaintiff argues that it does and the defendant argues that it does not. In arguing against the applicability defendant contends that the original intent of the section was to benefit low-level wage earners and punish employers who arbitrarily withheld moneys from such employees, moneys which were needed for current expenses such as food, clothing, rent and the like.
On the other hand, plaintiff contends that a literal reading of the section compels the conclusion that one in the position of the plaintiff was intended to be benefited thereby and that, in addition, the case law supports such conclusion.
The court must be frank in stating that its reaction to the statute is that it was not intended to protect persons in the situation of the plaintiff. Such conclusion finds support in the language of the Court of Appeals in People v Vetri (309 NY 401). Additionally, an examination of the Bill Jacket of the 1966 legislation which added the provisions concerning attorney’s fees and punitive damages reveals that the intention was to protect relatively low-paid and less sophisticated types of employees and not those in positions such as the plaintiff. However, despite this court’s view of the parameters of the protected class there are recent appellate decisions which quite clearly interpret the coverage of the section in a broader manner.
For example, in Di Lorenzo v Sbarra (124 AD2d 446), the *893 plaintiff, a real estate salesman, was held not to be the beneficiary of section 198 (1-a). However, in so concluding the Third Department found that there was insufficient proof that the plaintiff was an "employee” — the sine qua non for coverage. The court found he was not an employee because there was no showing that the defendant real estate broker had any control over the salesman’s activities and that, in effect, there was no showing that the salesman was anything but an independent contractor. The clear implication of the court’s conclusion was that if the plaintiff had been under the broker’s control (as Gottlieb is in this case), he would have been deemed an employee and a beneficiary of section 198 (1-a).
Other appellate decisions have indicated that the section applies to employees of a higher level than relatively low-paid and less sophisticated types of employees. Employees of executive rank and with high salaries have been held to be beneficiaries of the section. (Magness v Human Resource Servs., 161 AD2d 418; Gerlach v Horn & Hardart Co., 683 F Supp 342; Klepner v Codata Corp., 139 Misc 2d 382, affd 150 AD2d 994.)
Consequently, albeit under constraint, the court feels it must determine that the provision of section 198 (1-a) regarding counsel fees is applicable in this case. The court does suggest that the Legislature reexamine this provision with a view to determining whether it should apply to persons such as this plaintiff.
The next question to be resolved is whether the jury’s determination that the conduct of the defendant was "willful” is contrary to the weight of the evidence. In defining "willful” for the jury the court stated: "If you find that the failure of the defendant to pay any commission you find [plaintiff] was entitled to receive was done intentionally without justifiable excuse and not the result of a bona fide dispute then you will find that such failure was 'willful.’ On the other hand, if you find that the failure to pay was done intentionally but with a justifiable excuse or as a result of a bone fide dispute then you will find that the failure to pay was not willful.”
In the light of that instruction and the proof adduced at the trial relative to the amount of commission due Gottlieb, it is the conclusion of the court that the jury’s finding that there was no bona fide dispute as to the amount due was contrary to the weight of the evidence and must be set aside.