■ LEE COHEN, Respondent-Appellant, v FOX-KNAPP, INC., et al., Appellants-Respondents. [640 NYS2d 554] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered March 13, 1995, which, after a jury trial, awarded plaintiff the principal sums of $203,365.37 in unpaid wages, $15,322.15 in unpaid medical expenses and $65,000 in attorneys' fees, unanimously modified, on the law and the facts, to the extent of also awarding plaintiff liquidated damages of 25% of his total unpaid wages due under the parties' employment agreement pursuant to section 198 (1-a) of the Labor Law, and otherwise affirmed, without costs.

The jury verdict finding that defendants had breached the parties' employment agreement by terminating plaintiff as an employee before he had resigned of his own volition as an officer and member of the Board of Directors and by unilaterally refusing to pay plaintiff's salary and provide medical benefits in accordance with the terms of the agreement should not be disturbed on appeal. The record reveals that the jurors properly found that plaintiff is entitled to his salary through May 31, 1989, with benefits and interest, since the employment agreement drafted by the defendants is clear, unequivocal and a complete expression of the rights and liabilities of the parties.

Plaintiff was properly awarded a portion of the legal fees he incurred in connection with his attempts to secure payment of his wages from defendants pursuant to Labor Law § 198 (1-a) (*see*, *Clean Rental Servs. v Karten*, 146 AD2d 462, 464; *Maggione v Bero Constr. Corp.*, 106 Misc 2d 384, 387). The decision of the Court of Appeals in *Gottlieb v Laub & Co.* (82 NY2d

457), holding that the salary claim of an executive is not within the purview of Labor Law § 198 by reason of its exclusion from article 6 of the Labor Law, is distinguishable. Here, the record reveals that at the time that plaintiff was discharged by defendants he was no longer employed in an "executive, managerial or administrative" capacity, but rather was a salaried salesman or consultant (*supra*, at 461).

The trial court did err, however, in setting aside that portion of the jury verdict finding that the defendants' conduct in unilaterally ceasing and refusing to pay plaintiff's wages was willful, thereby entitling plaintiff to liquidated damages of 25% of his unpaid wages pursuant to section 198 (1-a) (*see, Magness v Human Resource Servs.*, 161 AD2d 418; *P & L Group v Garfinkel*, 150 AD2d 663). Concur—Rosenberger, J. P., Rubin, Nardelli and Tom, JJ.