Matter of William Mattar, P.C. v Riley (2025 NY Slip Op 02680)

Matter of William Mattar, P.C. v Riley

2025 NY Slip Op 02680

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

192 CA 24-00464

[*1]IN THE MATTER OF WILLIAM MATTAR, P.C., PETITIONER-APPELLANT,
v
BRIDGET RILEY, RESPONDENT-RESPONDENT. 

RICHARD T. SULLIVAN PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), FOR PETITIONER-APPELLANT. 
HODGSON RUSS LLP, BUFFALO (PETER A. SAHASRABUDHE OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered February 28, 2024. The order granted in part and denied in part each party's motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner, a law firm, commenced this special proceeding seeking to resolve a dispute over attorney's fees with respondent, a former employee. Respondent answered the petition and asserted three counterclaims, alleging breach of contract, quantum meruit, and violations of the Labor Law, respectively, in which she sought compensation for certain "bonus" payments that she alleges were unlawfully withheld by petitioner after it terminated her employment. Petitioner thereafter moved for, inter alia, summary judgment dismissing the counterclaims, and respondent moved for summary judgment on the counterclaims. The fee dispute that was the subject of the petition has been resolved. Petitioner now appeals from an order that, inter alia, granted in part and denied in part the parties' respective motions.
Pursuant to the terms of her relevant employment and "Bonus Eligibility" agreements, respondent was entitled to receive an annual salary, plus certain "bonus" compensation if she exceeded certain thresholds. Such bonus compensation was calculated based on the actual gross receipts attributable to respondent for legal fees she generated during her employment, and it was conditioned upon respondent's continued employment at the time the fees "cleared" petitioner's operating account after being deposited therein. In her motion papers, respondent asserted, inter alia, that she is entitled to $28,000 in bonus payments that she earned by generating certain fees, and that such bonus payments constituted nondiscretionary wages. Petitioner, on its motion and in response to respondent's motion, did not dispute that respondent generated certain fees, but asserted, inter alia, that respondent is not entitled to compensation for them because she was no longer employed when the fees were deposited into petitioner's account. Supreme Court granted petitioner's motion in part by dismissing the third counterclaim insofar as it sought liquidated damages under the Labor Law and granted respondent's motion in part by, inter alia, ordering that she is entitled to $21,216 under the first counterclaim. We affirm.
Labor Law § 193 (1) provides that "[n]o employer shall make any deduction from the wages of an employee" except under certain enumerated conditions not relevant here. Labor Law § 190 (1) defines "wages," in pertinent part, as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." It is well settled that "[t]he term 'wages,' despite its broad definition . . . [,] does not encompass an incentive compensation plan" (Matter of Dean Witter Reynolds v [*2]Ross, 75 AD2d 373, 381 [1st Dept 1980]; see Magness v Human Resource Servs., 161 AD2d 418, 419 [1st Dept 1990]). The dispositive factor in determining whether compensation constitutes wages is not the labeling used in a compensation plan but whether the compensation is vested and mandatory as opposed to discretionary and forfeitable (see Caruso v Allnet Communication Servs., 242 AD2d 484, 484-485 [1st Dept 1997]).
Contrary to petitioner's contention, it failed to meet its initial burden on its motion with respect to the breach of contract counterclaim, and the court properly determined on respondent's motion that she is entitled to $21,216 on that counterclaim. There is no dispute that the additional compensation owed to respondent in connection with the relevant underlying fees constituted earned "wages" that were "vested and mandatory as opposed to discretionary and forfeitable" (Truelove v Northeast Capital & Advisory, 268 AD2d 648, 649 [3d Dept 2000], affd 95 NY2d 220 [2000]; see Labor Law § 190 [1]; see also Doolittle v Nixon Peabody LLP, 126 AD3d 1519, 1520 [4th Dept 2015]). In addition, we conclude that petitioner's failure to pay respondent that compensation constituted a deduction from wages in violation of Labor Law § 193 (1) (cf. Perella Weinberg Partners LLC v Kramer, 153 AD3d 443, 449-450 [1st Dept 2017]; Miles A. Kletter, D.M.D. & Andrew S. Levine, D.D.S., P.C. v Fleming, 32 AD3d 566, 567 [3d Dept 2006]; see generally Doolittle, 126 AD3d at 1522). To the extent that the provisions of the relevant "Bonus Eligibility" agreement restricted payments of bonuses to current employees, such provisions are void as against public policy (see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 110 [2018]). Thus, with respect to that part of her motion seeking compensation in the amount of $21,216 under the first counterclaim, respondent met her initial burden of establishing her entitlement to judgment as a matter of law (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), and petitioner failed to raise a triable issue of fact (see generally Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]). In addition, we conclude that, contrary to petitioner's contention, the court properly determined that there are questions of fact regarding $6,784 in additional compensation sought by respondent in connection with other underlying fees (see generally Alvarez, 68 NY2d at 324).
We reject petitioner's contention that respondent's counterclaims for breach of contract and quantum meruit are duplicative and that the quantum meruit counterclaim should therefore have been dismissed (see generally CPLR 3014; Haythe & Curley v Harkins, 214 AD2d 361, 362 [1st Dept 1995]).
We have reviewed petitioner's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court