In the Matter of the Arbitration between J. K. KNITTING MILLS, INC., Appellant, and JACOB DORGIN, Doing Business as U. S. YARN Co., Respondent.

First Department, April 26, 1948.

*Henry C. Moses, Jr.,* of counsel (*Leo H. Hirsch, Jr.,* with him on the brief; *Boyle, Feller, Stone & McGivern,* attorneys), for appellant.

*Alexander A. Mayper* of counsel (*David Lazarus* with him on the brief; *Mayper & Lazarus,* attorneys), for respondent.

VAN VOORHIS, J.    Petitioner appeals from an order dismissing a special proceeding which it instituted under section 1450 of the Civil Practice Act to compel the arbitration of certain controversies arising from the failure of the respondent to deliver merchandise in accordance with a broker's bought and sold notes, which formed the alleged contract between the parties. An arbitration clause was stamped upon these documents before they were issued by the broker. Respondent denies that any contract was entered into, and further contends that, even if a contract resulted from the broker's memoranda, the broker lacked authority to insert the arbitration clause, and that for this reason it is without effect in any event.

A previous order was made herein directing a jury trial of the issue of whether or not the written agreement expressed by the broker's bought and sold notes dated October 24, 1947, was duly made by the parties hereto. After receiving evidence, the trial justice concluded that no issue of fact was raised and dismissed the proceeding upon the law. In making this ruling, we think that the learned trial justice erred, and that a question of fact was presented concerning whether such a contract was entered into between the parties.

It is well established that binding contracts of sale of personal property may be made by means of brokers' bought and sold notes (*Matter of Huxley,* 294 N. Y. 146; *Newberry* v. *Wall,* 84 N. Y. 576; *Childs* v. *Riley Co.,* 186 App. Div. 775). Where such notes are signed by the broker and sent to both parties to the transaction, the act of the broker in doing so is what makes the contract, subject, of course, to the proviso that the broker has been authorized by both the buyer and the seller to cement that particular agreement between them. It has been contended that if the broker's authority coincided at all points with the contents of the memoranda, it would be too late for either buyer or seller to alter the bargain after the issuance of the bought and sold notes. Since a broker's authority is usually oral, however, and the circumstance that he represents both sides may under certain conditions make his acts voidable, especial and usually controlling importance attaches, in the practical conduct of commercial transactions, to whether the buyer

and seller retain the broker's memoranda without objection for a reasonable period of time. Ratification is there equivalent to prior authorization (*Hoppe* v. *Russo-Asiatic Bank*, 200 App. Div. 460, affd. 235 N. Y. 37). Failure to object promptly thus furnishes a useful, objective test of whether the broker was authorized to make the deal expressed in the memoranda. In *Childs* v. *Riley Co.* (*supra*) in an opinion by Justice SHEARN, it was held that the retention of the sold note without comment by the seller for three days was sufficient to bind him, the court pointing out that the market was constantly fluctuating and that it ought not to be open to one of the parties to the transaction to have an option to repudiate it if the market went against him but to affirm it if the reverse occurred.

In this case the bought and sold notes were signed by the broker and mailed to both parties with the arbitration clause attached on Friday, October 24, 1947. Each was accompanied by a slip in the form of a receipt, bearing an instruction to the customer to sign and return immediately to the broker. Respondent, named as seller, did not sign nor return this receipt — a circumstance which is in itself inconclusive inasmuch as the slip might be construed as a simple receipt for the paper and not an acceptance of the contract — and made no other written response either to the buyer or to the broker. The next communication of any kind, according to the testimony of the broker, occurred on October 30, 1947, when the broker telephoned respondent and asked him why he had not signed and returned the receipt slip. Respondent said that he would not do so because the sold note did not contain a conditional delivery clause. Neither respondent nor the broker testified that any objection was expressed to the clause providing for the submission of controversies to arbitration. Respondent testified that on October 27, 1947, he told the broker that the contract as recited in the sales note was not satisfactory: " I says, ' I have never authorized you to make a sale. And furthermore,' I says, ' all this merchandise,' I says, ' I have talked to a certain man, as if and when I get it.' "

If respondent received the broker's memorandum in the mail on arriving at his office on Monday morning, October 27th, and disavowed the transaction on that day, it may well be that he is not bound by the contract. On the other hand, if he did not do so until October 30th, which would be three business days at the least from the day when he received the memorandum in the mail, then, under the circumstances of this case, there would be a question of fact concerning whether he ratified

the transaction as expressed in the broker's note, including the arbitration clause. This question should have been submitted to the jury.

The order appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.

COHN, J. (dissenting). The trial court was correct in directing a verdict for respondent. There was no issue for submission to the jury. The only question was whether the sales note prepared by Scheuer & Company purporting to act as broker for the parties constituted a contract between petitioner and respondent. As the trial judge pointed out, the proof is uncontradicted that respondent did not authorize in advance of his relations with the sales broker the inclusion of the clause which was rubber-stamped on the sales note calling for a submission to arbitration of any controversy thereafter arising. Hoffman, the representative of the sales broker who conducted the negotiations with respondent, testified without qualification that nothing was said to him about any arbitration clause and that he had no conversation with respondent on the subject of arbitration.

The court will not direct a party to proceed to arbitration unless he has explicitly agreed to do so in writing. While it is settled that bought and sold notes issued by a sales broker containing a clause for arbitration of future disputes when acted upon by both parties constitute a binding contract of arbitration of subsequent controversies (*Matter of Huxley,* 294 N. Y. 146; *Matter of Catz American Sales Corp.* [Holleb & Co.], 272 App. Div. 689, 692), here there is no proof of an acceptance by respondent. The proof is to the direct contrary. Moreover, this was the first transaction that respondent had with petitioner and the first transaction that respondent ever had with the sales broker.

The court was entirely right in ordering stricken from the record any testimony relating to an alleged custom in the textile industry which would authorize a sales agent without authority of his principal to insert in a sales note a clause calling for arbitration. Mere proof of a custom or practice to include a provision for arbitration in sales notes will not deprive a party of his constitutional right to seek redress in the courts unless he has explicitly agreed to bargain away this right. (*Matter of General Silk Importing Co., Inc.,* 200 App. Div. 786, affd. 234 N. Y. 513; see, also, *Grombach Productions, Inc.,* v. *Waring,* 293 N. Y. 609, 615–616.)

Apparently appellant seeks to have the order appealed from reversed on the theory that respondent ratified and approved the arbitration clause contained in the sales note. Upon the evidence it is clearly established that there was no ratification or approval. The record shows that the sales note had attached to it a slip which contained space for the signature of respondent and the following notation: " Please sign and return immediately to Scheuer & Company." This informed respondent that his signature was necessary for the consummation of the sale. Concededly respondent never signed or returned the slip to Scheuer & Company. The wording of the slip was specific notice that mere inaction on respondent's part could not result in approval. This conclusion is fortified by the testimony of Hoffman that six days after the sales note had been mailed out he telephoned respondent and inquired as to why the pink slip had not been signed and sent back. Respondent replied that it did not contain a conditional delivery clause. The law is clear that there must be actual acceptance of such a contract as here involved or there is no contract. (*Matter of Tanenbaum Textile Co.* v. *Schlanger,* 287 N. Y. 400.)

As there was no issue of fact for the jury to pass upon, the court properly directed it to answer the question submitted in the negative. Accordingly, I dissent and vote to affirm.

DORE, J. P., CALLAHAN and SHIENTAG, JJ., concur with VAN VOORHIS, J.; COHN, J., dissents with opinion.

Order reversed and a new trial granted, with costs to the appellant to abide the event. Settle order on notice.