OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court, New York County, for further proceedings in accordance with this memorandum.
In December 1983 Itoman (U.S.A.), Inc. (Itoman), a textile importer, agreed through R.D. New & Co. (New) (an international textile broker) to purchase fabric from Daewoo Corporation (Daewoo), a textile exporter in Korea. On December 10, 1983, Daewoo sent New a signed "Confirmation of Order/Sales Note” (Confirmation), on a form providing for arbitration in Korea in accordance with Korean Arbitration Association rules. New added to the Confirmation "For the Account of Itoman (U.S.A.) Inc.”, as well as other provisions. The Confirmation concluded with a statement that it "constitutes a contract between Daewoo Corporation ('Seller’) and the addressee ('Buyer’)”. Beneath this recital, and the words "Read by and agreed to”, New then placed its signature and returned the document to Daewoo in Korea. On December 12, 1983, New sent its own signed salesnote both to Daewoo and to Itoman. The salesnote provided for arbitration in New York subject to the rules of the General Arbitration Council of the Textile Industry. The salesnote was retained, without objection, by both parties and the transaction went forward. In a subsequent dispute over the quality of the fabric, Itoman demanded arbitration in New York in accordance with the salesnote, and Daewoo insisted that arbitration should proceed in Korea in accordance with the Confirmation.
Pursuant to CPLR 7503 (a), Itoman petitioned to compel arbitration in New York, and Daewoo cross-petitioned to compel arbitration in Korea. Special Term granted Roman’s *927 motion to compel, concluding that both buyer and seller had submitted to the terms contained in the salesnote, as ratified by their subsequent acts in furtherance of the transaction, notwithstanding the "second sales note dated December 10, 1983, of confirmation by respondent to the terms patently already agreed to.” The Appellate Division affirmed, without opinion.
Central to resolving where the arbitration should take place is a determination whether the salesnote or the Confirmation controls. Had there been no Confirmation signed by New, but only the broker’s salesnote, we would agree with the courts below that arbitration should proceed in New York. When a sale is negotiated by a broker who sends "bought and sold notes” to both parties containing an arbitration clause, the broker is said to act for both parties. Though they do not expressly agree to arbitration and do not sign the broker’s notes, buyer and seller nonetheless are bound to arbitrate in accordance with those documents when they merely retain them and proceed with the transaction (see, Just In-Materials Designs v I.T.A.D Assoc., 61 NY2d 882; Matter of Woodcrest Fabrics v B & R Textile Corp., 61 NY2d 887; Matter of Huxley [Reiss & Bernhard], 294 NY 146; Matter of Catz Am. Sales Corp. [Holleb & Co.] 298 NY 504, affg 272 App Div 689). The December 10 Confirmation signed by New could, however, have negated this implied ratification and bound Itoman to arbitrate in Korea, assuming New’s authority to act for Ito-man in agreeing to such a term (see, Michel & Co. v Anabasis Trade, 50 NY2d 951; see also, American Utex Intl, v ICC Corp., 74 AD2d 747, affd 52 NY2d 888).
No choice between the conflicting documents can be made on the present record. The record contains three Confirmation forms, each somewhat different and all dated December 10, 1983; the record indicates that further terms were added to the copy signed by New; there is no evidence of when the Confirmation was received or returned to Daewoo; Itoman— which claims it lacked knowledge of the signed Confirmation until this proceeding — denies that the broker had authority of any sort to bind it to arbitration in Korea; Daewoo has disputed that its December 10 agreement was with Itoman. Moreover, the invoices contain reference to a contract not contained in the record. These are among the unresolved issues of fact. In such circumstances, we have no basis for upholding the conclusion below that the salesnote was the first and controlling document, and no choice but to remit the *928 matter for factual determinations necessary for a proper application of the law.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
Order reversed, etc.