■ In the Matter of the Arbitration between D.J. SPORTSWEAR, INC., Respondent, and STELMAR TRADING CORP., Respondent; TEXUNION, S. A., Appellant.—Order, Supreme Court, New York County (Carol E. Huff, J.), entered September 13, 1990, which, *inter alia,* granted a petition to stay arbitration pending a preliminary trial on the validity of the underlying contract, unanimously affirmed to the extent appealed from, with costs.

Petitioner filled out its purchase order on broker Stelmar's predated contract of sale form, which contained a provision for arbitration. That form specifically subjected the contract to approval by seller Texunion, and bound the seller to its terms only upon issuance of its own contract of sale. Texunion neither formally approved the broker's contract nor issued its

own contract of sale. Petitioner subsequently notified the broker that it was canceling the order, evidently due to dissatisfaction with Texunion's color samples.

Petitioner is not bound by the terms of the broker's contract by mere retention of it, absent some indication that the parties otherwise "proceed[ed] with the transaction" *(Matter of Itoman [U.S.A.], Inc. [Daewoo Corp.],* 68 NY2d 925, 927). Here, there was no such indication.

There was no proof of shipments of manufactured goods, other than the samples which were rejected. Petitioner's reference to the purchase-order contract in its cancellation note does not constitute a ratification or acknowledgement of the existence of that contract. Notwithstanding petitioner's signature on the broker's contract of sale, the record is devoid of any indication that Texunion either approved the broker's contract or issued its own contract. Thus, there is a question of fact as to whether a contract was entered into, and that question must be resolved before the provision for arbitration may be invoked. Concur—Sullivan, J. P., Milonas, Rosenberger, Wallach and Smith, JJ., concur.