■ In the Matter of the Arbitration between PHILIP E. LIAN, Respondent, and FIRST ASSET MANAGEMENT, INC., et al., Appellants. [710 NYS2d 52] —Order and judgment (one paper), Supreme Court, New York County (Jane Solomon, J.), entered August 11, 1999, which modified an arbitration award in favor of petitioner customer and against respondent stockbrokers to the extent of providing for preaward interest on the punitive damages awarded by the arbitrators, and otherwise confirmed the award, unanimously modified, on the law, to delete the provision for preaward interest on the punitive damages awarded by the arbitrators, and to instead provide for interest on such punitive damages from the date of the award, and otherwise affirmed, without costs.

The parties' contract contains a clause stating that petitioner "understand[s] that under the [contract], (1) New York State law applies, (2) the highest court of the State of New York has

ruled that punitive damages are not available in arbitration proceedings, and (3) punitive damages will not be available to me in any proceedings." Nevertheless, the arbitrators awarded petitioner punitive damages. Such result can be rationally justified, and should therefore be confirmed (*see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308), on the theory that waivers of punitive damages are contrary to rules of the National Association of Securities Dealers (NASD) (*see, Porush v Lemire*, 6 F Supp 2d 178, 183, citing *Mulder v Donaldson, Lufkin & Jenrette*, 224 AD2d 125; *Matter of Layne Constr. [Stratton Oakmont]*, 228 AD2d 45, 50) and therefore unenforceable in an arbitration subject to those rules. The result can also be rationally justified on the theory that petitioner's "understanding" of New York law, which was drafted by respondents, was misleading in that it made no reference to the NASD rules permitting punitive damage claims in arbitration proceedings, and of the limiting effect of the United States Supreme Court's ruling in *Mastrobuono v Shearson Lehman Hutton* (514 US 52) on the New York Court of Appeals' ruling in *Garrity v Lyle Stuart, Inc.* (40 NY2d 354), prohibiting punitive damage claims in arbitration proceedings. A fair sense of justice (*see, Matter of Silverman [Benmor Coats], supra*) bars binding petitioner to such a misleading and one-sided presentation of the law.

We note that the arbitrators awarded preaward interest on their award of compensatory damages but not on their award of punitive damages (*cf., Matter of Rosenblum [Aetna Cas. & Sur. Co.]*, 81 AD2d 731, *lv denied* 54 NY2d 607), and hold that the IAS Court erred in providing for preaward interest on the award of punitive damages when the arbitrators did not (*see, Matter of Gruberg [Cortell Group]*, 143 AD2d 39). Instead, interest on the award of punitive damages should have been provided from the date of the award (*supra*), and we modify accordingly. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Lerner, JJ.