In the Matter of the ARBITRATION BETWEEN WESTCHESTER FIRE INSURANCE COMPANY, Westchester Surplus Lines Insurance Company, and Illinois Union Insurance Company, Petitioners,

v.

MASSAMONT INSURANCE AGENCY, INC., Respondent.

No. 05 Civ. 5059(DC).

United States District Court, S.D. New York.

Nov. 22, 2005.

O'Melveny & Myers LLP, By: Paul R. Koepff, Claudia Ray, Scott D. Thomson, New York, New York, for Petitioners Westchester Fire Insurance Company, Westchester Surplus Lines Insurance Company, and Illinois Union Insurance Company.

Cole, Schotz, Meisel, Forman & Leonard, P.A., By: Sean M. Lipsky, Hackensack, New Jersey, for Respondent Massamont Insurance Agency, Inc.

## MEMORANDUM DECISION

CHIN, District Judge.

In this diversity case, petitioners Westchester Fire Insurance Company ("Westchester Fire"), Westchester Surplus Lines Insurance Company ("Westchester Surplus"), and Illinois Union Insurance Company ("Illinois Union") seek to confirm an arbitration award against respondent Massamont Insurance Agency, Inc. ("Massamont"), pursuant to Section 9 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 9. In addition, petitioners seek to recover prejudgment interest at the rate of six percent, based on Pennsylvania law, and attorneys' fees and costs incurred in obtaining confirmation of the award. Massamont does not oppose confirmation but contends that prejudgment interest should be based on the federal rate specified in 28 U.S.C. § 1961.[1] Massamont also opposes awarding attorneys' fees and costs. For the reasons set forth below, petitioners' request to confirm the award is granted, their request for prejudgment interest at the Pennsylvania rate is granted, their request for attorneys' fees is denied, and their request for costs is granted.

## BACKGROUND

### A. The Arbitration Award

As Massamont does not oppose confirmation of the award, I will only briefly recount the undisputed facts of the underlying breach of contract claim. Massamont serves as the managing general agent for a property and casualty insurance program for the New England states. On January 1, 2001, Massamont entered into a written Agency Agreement (the "Agreement") with Westchester Fire, an insurance corporation with offices in New York City, under which Westchester Fire was to serve as property carrier for the program and Massamont was appointed Westchester Fire's exclusive agent for the program. Petitioners Westchester Surplus and Illinois Union were later added as carriers for the program to issue surplus lines policies.

On October 23, 2003, following alleged breaches of the Agreement by both parties, petitioners notified Massamont that they were commencing arbitration in accordance with Section XX of the Agreement, pursuant to which the parties agreed to submit all disputes to the deci-

---

1. Respondent does not argue for a specific percentage, but rather argues only that 28 U.S.C. § 1961 should apply. Section 1961(a) provides that interest on a money judgment in a civil case recovered in district court shall be calculated at a rate equal to the "weekly average one-year constant maturity Treasury yield" for the calendar week preceding the date of the judgment. By this Court's calculation, as the award was dated April 26, 2005, the applicable rate is that for the week ending April 22, 2005, which is 3.28%. See Post Judgment Rate calculator, Northern District of Texas, at http://www.txnd.uscou rts.gov/publications/interest/rate_2000_2004.html# 2004.

sion of a three-member arbitration panel (the "Panel") in Philadelphia, Pennsylvania.[2] (Pet. Ex. B at WF003445).

The Panel issued its award (the "Award") on April 26, 2005. In the Award, the Panel: (1) unanimously determined that Massamont breached the Agreement; (2) found by majority vote that a technical breach of the profit-sharing agreement by petitioners "may have occurred," but that a net award covering both Massamont's breach of· the Agreement and petitioners' possible breach of the profit-sharing agreement was appropriate; (3) awarded $2,600,000 in damages to petitioners; and (4) determined by majority vote that an award of attorneys' fees to the prevailing party would not be appropriate. (Pet.Ex. A).

## B. *The Instant Petition*

On May 26, 2005, petitioners filed the instant petition. They request (1) confirmation of the Award; (2) prejudgment interest from the date of the Award to the date judgment is entered; and (3) reasonable attorneys' fees and costs incurred in confirming the Award.

In its Answer and Response to Memorandum of Law dated June 28, 2005, Massamont makes no arguments of law in opposition to petitioners' claims. On July 22, 2005, Massamont filed both a motion requesting leave to file a sur-reply memorandum "to address specific and limited legal and factual errors set forth in the Petitioners' Reply Memorandum" (Resp. Motion for Sur–Reply at 1), and the sur-reply memorandum itself, which advances arguments of law in response to petitioners' requests for prejudgment interest and attorneys' fees and costs. Petitioners sub-

sequently filed a memorandum of law in opposition to Massamont's motion to file a sur-reply. Petitioners' objection to the sur-reply memorandum is overruled; the Court has considered the sur-reply.

## DISCUSSION

### A. *Confirmation of the Award*

Generally, an arbitration award is confirmed through a summary proceeding that converts a final arbitration award into a judgment of the court. *See Yusef Ahmed Algahanim & Sons v. Toys "R" Us, Inc.,* 126 F.3d 15, 23 (2d Cir.1997); *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 176 (2d Cir.1984). A district court must grant a petition to confirm an arbitration award unless one of the grounds for vacating or modifying the award is established. *Ottley v. Schwartzberg,* 819 F.2d 373, 377 (2d Cir.1987). Here, Massamont has neither objected to confirmation of the Award nor argued a basis for vacating or modifying it. Accordingly, the Award is confirmed.

### B. *Prejudgment Interest*

Post-award, prejudgment interest is generally awarded at the discretion of the district court, and there is a presumption in favor of awarding such interest. *In re Waterside Ocean Navigation Co. v. Int'l Navigation, Ltd.,* 737 F.2d 150, 153–54 (2d Cir.1984); *Irving R. Boody & Co. v. Win Holdings Int'l, Inc.,* 213 F.Supp.2d 378, 383 (S.D.N.Y.2002). In diversity actions, interest is to be calculated according to the statutory rate prescribed by the law governing the contract. *See Commonwealth Assocs. v. Letsos,* 40 F.Supp.2d 170, 177 n. 42 (S.D.N.Y.1999)

---

**2.** While the Agreement's arbitration clause provides that the situs of the arbitration is Philadelphia, Pennsylvania, the parties and the arbitration panel agreed to hold hearings in New York (where petitioners' counsel's offices were located) and Boston (where Massamont and its counsel's principal offices were located).

(award of prejudgment interest governed by New York law because case was brought on diversity grounds and arbitration agreement was governed by New York law); *Amoco Transp. Co. v. Dietze, Inc.*, 582 F.Supp. 804, 808 n. 5 (S.D.N.Y. 1984) (holding that state law determines post-award prejudgment interest); *Boody*, 213 F.Supp.2d at 383 (same). The state statutory rate is to be applied even where, as here, federal law governs enforcement of the arbitration award. *See Commonwealth Assocs.*, 40 F.Supp.2d at n. 42. (noting that where FAA creates jurisdiction, state statutory interest rate nevertheless applies).

 In the instant case, prejudgment interest is governed by Pennsylvania law because the Agreement contains a choice of law clause providing that Pennsylvania law governs. (Pet. Ex. B at WF003441). The rate in Pennsylvania is six percent per annum. 41 Pa. Stat. Ann. § 202. Because an arbitration award confirmed under the FAA bears interest from the date of the award until judgment confirming it, *Moran v. Arcano*, No. 89 Civ. 6717(CSH), 1990 WL 113121, at *2 (S.D.N.Y. July 27, 1990), this Court awards petitioners six percent annual interest on the Award from April 26, 2005, through the entry of judgment.

## C. *Attorneys' Fees and Costs*

Petitioners claim that they are entitled to attorneys' fees and costs incurred in confirming the Award. Rule 54(d) of the Federal Rules of Civil Procedure permits a party to move for attorneys' fees and provides that the moving party "must specify . . . the statute, rule, or contractual provision entitling the moving party to the award." Fed.R.Civ.P. 54(d)(2)(B).

 Under the "American Rule" a prevailing party is ordinarily not entitled to attorneys' fees except where expressly provided by statute or contract. *See Int'l*

*Chem. Workers Local 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir.1985). The FAA, pursuant to which petitioners seek confirmation of the Award, contains no provision authorizing an award of attorneys' fees in confirmation actions. *See In re Arbitration Before NYSE, Inc.*, No. 04 Civ. 488(RWS), 2004 WL 2072460, at *14 (S.D.N.Y. Sept.8, 2004); *Collins v. CSAM Capital, Inc.*, No. 05 Civ. 2368(SHS), 2005 WL 1844622, at *2 (S.D.N.Y. Aug 2, 2005). In exception to the general rule, a court may award fees pursuant to its inherent equitable authority when a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 190 (2d Cir.2000) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). The Second Circuit has stated that, in the context of a petition to confirm an arbitration award, fees may be awarded pursuant to this inherent equitable authority "when a challenger refuses to abide by an arbitrator's decision without justification." *Int'l Chem. Workers Local 227*, 774 F.2d at 47. A party's failure to pay an arbitration award immediately, however, does not necessarily constitute bad faith. *Great Atl. & Pac. Tea Co. v. Local. 338*, No. 95 Civ. 5255(LLS), 1996 WL 282074, at *3 (S.D.N.Y. May 28, 1996); *Collins*, 2005 WL 1844622, at *2.

 Here, petitioners do not cite any statute, rule, or contractual provision entitling them to an award of fees, but rather rely entirely on the claim that an award of fees is warranted in light of Massamont's failure to abide by the Award. They cite *P.M.I. Trading Ltd. v. Farstad Oil, Inc.*, (No. 00 Civ. 7120(RLC), 2001 WL 38282, at *3 (S.D.N.Y. Jan. 16, 2001)), where the court invoked its inherent equitable power to award petitioner attorneys' fees and costs incurred in confirming an arbitration

award because the respondent contested confirmation of the arbitration award with "no legitimate basis" for doing so. *P.M.I.*, 2001 WL 38282, at *3.

The facts in the instant case are quite different. In *P.M.I.*, the defendant opposed confirmation and demanded that the arbitration award be vacated. *Id.* at *1. Here, both parties concede that Massamont has not objected to confirmation of the Award. (Pets. Reply Mem. at 8; Resp. Sur–Reply at 3). Whether Massamont has a legitimate basis for challenging the Award, it has not actually challenged the Award. Failure to pay is an insufficient basis for awarding attorneys' fees, and petitioners have not alleged bad faith or any other basis for doing so. Accordingly, petitioners' request for attorneys' fees is denied. Petitioners' expenses, however, will be allowed to the extent that costs are usually awarded to the prevailing party. *See* Fed.R.Civ.P. 54(d)(1); Local Civil Rule 54.1; 28 U.S.C. § 1920.

## CONCLUSION

For the reasons set forth above, the Award is HEREBY CONFIRMED. Accordingly, Massamont owes Petitioners $2,600,000.00, plus interest calculated at the rate of six percent per annum from April 26, 2005 to the date judgment is entered. Petitioners' application for attorneys' fees is denied. Costs are awarded to the extent set forth above. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.