*393 OPINION OF THE COURT
William J. Giacomo, J.
It is ordered that the petition is partially granted and partially denied.
Factual and Procedural Background
Following a dispute arising from an employment relationship, an arbitration proceeding was conducted and an award was rendered in favor of the petitioners (the award). As set forth in the award, petitioner Alice Chamois is entitled to payment from respondent in the total sum of $125,000 [1] and petitioner Rachel Douglas is entitled to payment from the respondent in the total sum of $70,000. [2]
By decision and order dated February 26, 2008,[3] this court granted petitioners’ November 5, 2007 application and confirmed the award (the order). In the order, this court made clear that it was confirming the award as written and declined to execute the proposed judgment petitioners submitted with their petition finding that the judgment (1) took the liberty “of splitting the Award of compensatory damages into two separate awards for ‘back wages’ and ‘emotional distress’ for each petitioner,” and (2) included an award of prejudgment interest dating back to the fall of 2001 when no such award was included in the arbitration award. The order then directed petitioners to submit a new judgment in conformance with the order on notice to the respondent.
Thereafter, in March 2008, petitioners filed an order to show cause seeking to renew and reargue the order pursuant to CPLR 2221 and upon such renewal/reargument to enter a separate judgment on behalf of each petitioner including separate awards for “back wages” and “emotional distress” and prejudgment interest on the back wages.
Respondent opposed the March 2008 motion. It appeared therein for the limited purpose of advising the court of its opposition to said renewal/reargument motion and alleged that it *394 was never properly served with the original petition commencing this special proceeding.[4]
By decision and order dated May 22, 2008, this court granted petitioners’ motion to renew and reargue and, upon reargument, sustained respondent’s jurisdictional objection, finding the respondent was not properly served. It then vacated the order granting confirmation and dismissed the petition without prejudice.
Petitioners now bring a second petition to confirm the arbitration award.[5] Petitioners seek the following: (1) separate judgments on behalf of each petitioner; (2) pre-award interest dating back to the fall of 2001; and (3) postaward, prejudgment interest from the date of the arbitration award to judgment.
Discussion
As an initial matter, CPLR 7510 provides, in relevant part, that “[t]he court shall confirm an award upon application of a party made within one year after its delivery to him” (Matter of Salamon v Friedman, 11 AD3d 700, 700 [2d Dept 2004] [“proceeding to confirm an arbitration award (must) be brought within one year after its delivery to the applying party”]). Here, petitioners have complied with the statute and timely commenced this proceeding.
While petitioners ostensibly claim to seek to confirm the award, in reality they seek to partially confirm the award, and modify other portions. Specifically, they seek to modify the award to provide for interest back to the fall of 2001, i.e., preaward interest. In support of this position, petitioners argue that pre-award interest on their back pay claims brought pursuant to title VII of the Civil Rights Act of 1964 (42 USC § 2000e et seq. [hereinafter title VII]) was a required element of compensation.
Whether reviewed pursuant to New York (CPLR art 75) or federal law (Federal Arbitration Act [FAA], 9 USC § 1 et seq.),[6] it is well settled that judicial review of arbitration awards is *395 extremely limited. (See Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471 [2006].)
“An arbitration award must be upheld when the arbitrator ‘ offer [s] even a barely colorable justification for the outcome reached’ (Matter of Andros Cia. Maritima, S.A. [Marc Rich & Co., A.G.], 579 F2d 691, 704 [2d Cir 1978]). Indeed, [the Court of Appeals has] stated time and again that an arbitrator’s award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice (see Matter of Sprinzen [Nomberg], 46 NY2d 623, 629 [1979]; Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326 [1999] [‘A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one’]).” (Id. at 479-480.)
*396 The FAA permits vacatur or modification of an arbitration award on grounds which involve fraud, corruption or misconduct on the part of the arbitrator, none of which are alleged here. Indeed, the petition specifically alleges that the “arbitrator at all times acted within the scope of his authority and such decision and award is complete, rational, rendered without fraud, corruption or misconduct, and is correct as to all issues including damages.” (Petition 11 6.) Nevertheless, in addition to the above, an award may also be vacated under federal law if it exhibits a “manifest disregard of law.”[7] (9 USC §§ 9, 10 [a]; see also Wallace v Buttar, 378 F3d 182, 189 [2d Cir 2004].) This is the crux of petitioners’ argument in this case for pre-award interest.
Pre-Award Interest
Petitioners claim that they are entitled to pre-award interest on their back pay award in this title VII case as a matter of law, citing as their authority Miner v City of Glens Falls (999 F2d 655 [2d Cir 1993]); Equal Empl. Opportunity Commn. v Erie County (751 F2d 79 [2d Cir 1984]); Clarke v Frank (960 F2d 1146 [2d Cir 1992]); Saulpaugh v Monroe Community Hosp. (4 F3d 134, 145 [2d Cir 1993]); Gierlinger v Gleason (160 F3d 858 [2d Cir 1998]); Sands v Runyon (28 F3d 1323 [2d Cir 1994]); and Donovan v Sovereign Sec., Ltd. (726 F2d 55 [2d Cir 1984]). Indeed, each of these hold that a court may grant prejudgment interest on a back pay award. Nonetheless, none of the foregoing cases is applicable here. In each case cited by the petitioners prejudgment interest was requested and denied.
It is true that arbitrators may provide for prejudgment interest as part of their award. Indeed, courts have rejected motions to vacate or modify arbitration awards which have failed to provide prejudgment interest. (See Nicoletti v E.F. Hutton & Co., Inc., 761 F Supp 312, 315 [SD NY 1991] [arbitrator’s failure to provide prejudgment interest was not grounds for *397 vacatur]; Matter of Rosenblum [Aetna Cas. & Sur. Co.], 81 AD2d 731 [3d Dept 1981], lv denied 54 NY2d 607 [1981] [refusing to modify arbitrator’s award which did not include prejudgment interest]; Matter of Lian [First Asset Mgt.], 273 AD2d 163, 164 [1st Dept 2000] [trial court “erred in providing for preaward interest on the award of punitive damages when the arbitrators did not”].) However, “ ‘if the award is silent on pre-judgment interest, a court is not entitled to award such interest.’ ” (Moran v Arcano, 1990 WL 113121, *2, 1990 US Dist LEXIS 9349, *6 [SD NY, July 27, 1990], quoting Matter of Gruberg [Cortell Group], 143 AD2d 39, 39 [1st Dept 1988].)
The back wages awarded in this arbitration were pursuant to title VII.[8] Although title VII authorizes prejudgment interest, it remains within the factfinder’s discretion whether or not such interest will be granted and how such prejudgment interest will be calculated. (See Loeffler v Frank, 486 US 549 [1988]; Greenway v Buffalo Hilton Hotel, 143 F3d 47 [2d Cir 1998].)
In the instant case the issue of pre-award interest is never broached in the award. There is no proof offered in these submissions that interest was ever requested by the petitioners, or that the arbitrator had ever considered a claim for interest and by oversight failed to award same. Instead, petitioners ask this court to award such interest without regard to the provisions of the award simply on the allegation that they are entitled to “pre-judgment interest on back wages as matter of law.” This court may not do so. (Moran v Arcano, supra.) Accordingly, the arbitrator’s failure to award prejudgment interest was not a “manifest disregard of the law.”
Based on the foregoing the request for pre-award interest is denied.
Postaward, Prejudgment Interest from the Date of the Award to Judgment
Under both federal law and article 75 of the CPLR, the petitioners are entitled to postaward, prejudgment interest.
Under federal law, “an arbitration award confirmed under the FAA bears interest from the date of the award until judgment confirming it.” (In re Arbitration Between Westchester Fire Ins. Co. v Massamont Ins. Agency, Inc., 420 F Supp 2d 223, 227 *398 [SD NY 2005], citing Moran v Arcano, 1990 WL 113121, *2, 1990 US Dist LEXIS 9349, *6 [SD NY 1990].) Under the FAA, “the award of post-award prejudgment interest is a matter left with the district court.” (Moran v Arcano, 1990 WL 113121, *3, 1990 US Dist LEXIS 9349, *7 [1990].)
The result is no different under state law where interest would only be available from the time of the award, September 4, 2007, until the date of the judgment, not from the date the claim originally arose. (Matter of County of Westchester v Doyle, 43 AD3d 1055 [2d Dept 2007]; see also CPLR 5002; Matter of Meehan v Nassau Community Coll., 242 AD2d 155 [2d Dept 1998], lv dismissed 92 NY2d 946 [1998] [table].)
While acknowledging this court’s authority to award post-award, prejudgment interest, respondent seeks to persuade this court to deny postaward, prejudgment interest, claiming that the petitioners have delayed entering the judgment on the award unnecessarily. In support of its argument, respondent cites its offer to petitioners to pay the face amount of the award in the weeks immediately after petitioners received the award without the necessity of a confirmation proceeding. This offer was declined since it did not contain pre-award interest.
In Love v State of New York (78 NY2d 540 [1991]), a bifurcated personal injury action, there was a one-year delay between the time of the liability verdict and the damages trial. The Court of Appeals held that the plaintiff was entitled to prejudgment interest regardless of who was responsible for delaying the damages trial. Prior to the Love decision some courts had held that CPLR 5002 interest would relate back to the earlier liability finding only when the defendant was at fault for delaying the damages assessment. In Love, the Court of Appeals clarified that “interest is not a penalty. Rather, it is simply the cost of having the use of another person’s money for a specified period” and was “intended to indemnify successful plaintiffs ‘for the nonpayment of what is due to them.’ ” (Love v State of New York, 78 NY2d 540, 544 [1991], quoting Trimboli v Scarpaci Funeral Home, 37 AD2d 386, 389 [2d Dept 1971], citing Siegel, NY Prac § 411, at 623 [2d ed]; see also Denio v State of New York, 7 NY3d 159 [2006].) The rationale behind Love is that a litigant’s right to be made whole becomes fixed in law when the verdict holding the defendant liable is rendered. (78 NY2d at 544.)
Even though the instant matter does not concern a bifurcated personal injury action, the result should be no different. The back pay awarded in the award was on account of an *399 existing obligation and/or a breach of duty. Thus, postaward, prejudgment interest is a matter of right and this court holds that petitioners are entitled to the postaward, prejudgment interest regardless if they are responsible for the delay in confirming the award. (See Matter of Glantz v Nationwide Mut. Ins. Co., 226 AD2d 638 [2d Dept 1996] [petitioner was entitled to recover interest from date of arbitration award until date that petitioner entered judgment regardless of petitioner’s delay in entering the underlying judgment].)
Accordingly, petitioners are awarded postaward, prejudgment interest at the New York State statutory rate from September 4, 2007.
Splitting the Award
With regard to splitting the award of compensatory damages into two separate awards for “back wages” and “emotional distress” for each petitioner, such request is granted.
Upon an examination of the provisions of the award the court notes that while the arbitrator did not break down the amounts awarded in his decision as such, he does state in the body of the award that one third of the monies awarded to each petitioner is allocated to personal injury damages. Therefore the petitioners’ application to split the award of compensatory damages into two separate awards for “back wages” and “emotional distress” is granted.
As a final matter, there is no prejudice, nor does respondent object, to the entry of separate judgments on behalf of each petitioner with awards as applicable to their claims, rather than one judgment. Therefore the application for separate judgments is also granted.
On account of the foregoing the petition is granted and the arbitration award is confirmed.

. Consisting of $100,000 in compensatory damages and $25,000 in attorneys fees.

. Consisting of $56,000 in compensatory damages and $14,000 in attorneys fees.

. Mistakenly dated February 26, 2007.

. As evidenced by the affidavit of service, the initial pleading was served on counsel for respondent, rather than respondent as required.

. Albeit under the same index number.

. The review of an arbitration award which is the result of a voluntary contractual arbitration procedure is contained in article 75 of the CPLR. Nonetheless, respondent informs this court that the controversy between these parties was initially commenced by petitioners in federal court forcing respondent to seek an order compelling arbitration under the FAA. This fact was never previously disclosed nor addressed by petitioner in prior submis *395 sions. Indeed these parties had a contractual agreement to arbitrate claims, agreeing that since respondent was engaged in interstate commerce that the FAA was the governing law. When an arbitration agreement is governed by the FAA, federal law, as opposed to state arbitration law, governs all questions of interpretation, construction, validity, revocability, enforceability, and allocation of functions between court and arbitrator. (See In re Salomon Inc. Shareholders’ Derivative Litig. 91 Civ. 5500 (RRP), 68 F3d 554, 559 [2d Cir 1995]; see also Matter of Rederi [Dow Chem. Co.], 25 NY2d 576 [1970].) Interestingly, neither party argues whether an article 75 proceeding is even applicable here. The FAA provides that if the parties to an arbitration agreement have specified a particular court in their agreement,
“then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, . . . If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.” (9 USC § 9 [emphasis supplied].)
Here the arbitration agreement between the parties does not specify a court, but does identify under the heading “Governing Law” that “all arbitrations covered by this Agreement shall be adjudicated in accordance with the state and federal law which would be applied by a United States District Court sitting at the place of the hearing” (arbitration agreement If 2). Thus while the instant action was brought pursuant to article 75 of the CPLR, the decisions and awards of the arbitrator in the instant action must be examined applying federal law, and not article 75. (See Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471 [2006].)

. As recognized by the New York Court of Appeals the doctrine of “manifest disregard of law” is “severely limited” and a “doctrine of last resort” which is limited to occurrences of “egregious impropriety” requiring a showing of more than a simple error. (6 NY3d at 480, quoting Matter of Arbitration No. AAA13-161-0511-85 Under Grain Arbitration Rules, 867 F2d 130, 133 [2d Cir 1989], citing Duferco Intl. Steel Trading v T. Klaveness Shipping A/S, 333 F3d 383, 389 [2d Cir 2003].) As defined by the Second Circuit Court of Appeals, “ ‘[m]anifest disregard of the law’ . . . implies that the arbitrator appreciates the existence of a clearly governing legal principal but decides to ignore or pay no attention to it.” (Merrill Lynch, Pierce, Fenner & Smith, Inc. v Bobker, 808 F2d 930, 933 [2d Cir 1986].)

. A review of the award reveals that the arbitrator specifically, and rightfully, dismissed a breach of contract claim, which petitioners previously argued entitled them to interest pursuant to CPLR 5001, because “employees cannot bring a claim for employment discrimination and simultaneously bring a breach of contract claim based on the same facts.” (See award § IV)